IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CRAIG J. DUCHOSSOIS REVOCABLE )
TRUST UAD 9/11/1989, )
  )
              Plaintiff, )
  )
v. )  No.  05 C 6603
  )
CDX LABORATORIES, INC., )
  )
              Defendant. )

MEMORANDUM OPINION AND ORDER

This is a straightforward action on a promissory note ("Note")--an unfulfilled promise to pay a specified amount on a specified date (the "Maturity Date" was almost exactly a year ago: January 20, 2005). Promissor CDx Laboratories, Inc. ("CDx") really fails to recognize that--it urges that the Illinois payee, Craig J. Duchossois Revocable Trust UAD 9/11/1989 ("Duchossois Trust"), cannot sue CDx on the payee's home turf (where payment of the Note was unquestionably due). Hence CDx seeks dismissal for (1) an asserted lack of personal jurisdiction over the Duchossois Trust and (2) relatedly, an assertedly improper invocation of venue in this judicial district. For the reasons stated here, this Court holds that those contentions fail, that the action will remain in this forum and that CDx is accordingly ordered to file its answer to the Complaint promptly.

As already suggested, the Duchossois Trust has Illinois citizenship for diversity purposes because its Trustee Craig J. Duchossois is an Illinois citizen (Amended Complaint ¶1). For

its part, CDx is a Delaware corporation with its principal place of business in Suffern, New York (Amended Complaint ¶2), thus creating the requisite diversity.

At its inception, the transaction between the parties involved more than the simple promise to pay that now alone remains: Sections 2 through 6 of the five-page single-spaced printed Convertible Promissory Note contained all of the detailed provisions that are customarily attendant on the issuance of an indebtedness instrument that is convertible into common stock of the issuer. But once the one-year Maturity Date had passed without any exercise of the right of conversion, those extensive provisions dropped out: All that were left operable were the three sentences that defined the calculation of interest (Section 1.1) and the Maturity Date (Section 1.2), plus Section 7's "Miscellaneous" provisions: one concerning notices and demands (Section 7.1), another setting out a choice-of-law provision looking to New York law (Section 7.2), still another containing the typical promissory note waivers of "protest, notice of protest, presentment, dishonor, notice of dishonor and demand" (Section 7.3) and a final severability clause in the event that any provision were held invalid or unenforceable (Section 7.4).

Despite the fact that the passage of the January 20, 2005 Maturity Date left the transaction no different from the most basic promissory note subject to the Uniform Commercial Code, CDx

makes the same kinds of arguments about its not having a presence in Illinois that may make a material difference in a complex business transaction (and that might arguably have been applicable, for example, if Duchossois **had** sought to exercise the conversion rights and New York-based CDx had then refused to perform). That however wholly ignores the equally straightforward provision of the Illinois long-arm statute (whose reach is made coextensive with the outer boundaries defined by the Due Process Clause--see 735 ILCS 5/2-209(c)) that says CDx has "submit[ted]" to the jurisdiction of the Illinois courts (jurisdiction that extends to this federal court) "as to any cause of action arising from the doing of any...acts," such as those specified in 735 ILCS 5/2-209(a)(7):

> The making or performance of any contract or promise substantially connected with this State.

What we have here is indisputably a "promise" (also, of course, a "contract") that is "substantially connected with this State," because that promise--that contract--unquestionably contemplated payment to the Duchossois Trust here in Illinois. In that respect the Note's choice-of-law provision is really irrelevant, for there is really nothing to construe as to its unqualified simple promise of payment, and the law as to the obligation to pay an unambiguous note is truly universal. As in Continental Bank, N.A. v. Everett, 964 F.2d 701, 703 (7th Cir. 1992), it does not matter whether the original dealing between

3

the parties amounted to "transaction of any business" within Illinois, which could also ground personal jurisdiction over CDx under 735 ILCS 5/2-209(a)(1), for CDx's obligation to perform the promise of payment here is surely "substantially connected with this State."[1]

This Court has reviewed the two district court opinions that CDx's counsel has cited in the letter referred to in n.1. Even apart from the fact that District Court opinions (including those by this Court) have no precedential force,[2] the citation by Judge Conlon in one of those opinions (ABN Amro Sage Corp. v. Cohen, No. 03 C 3556, 2003 WL 22057449, at *4 (N.D. Ill. Sept. 3)) to Continental Bank, pointing to its contrast to the situation then before her, really supports what this Court has ruled here, while

---

[1] It is worth noting that in the course of the January 19, 2006 letter from CDx's counsel seeking to disclaim any Illinois involvements on CDx's part, it is acknowledged that "in February '05, after the Note was made, defendant's CEO met with plaintiff's representative in Chicago to discuss payment on the Note"--a meeting after the Note was past due. That of course is entirely consistent with (and really buttresses) the notion that once the transaction had resolved itself into nothing more than an unpaid promissory note, Illinois had become the sole focus for performance by CDx.

[2] In that respect this Court has noted the unpublished order of our Court of Appeals in Rutenberg v. Rutenberg, 968 F.2d 718 (table), 1992 WL 161021 (7th Cir. July 10), which follows Continental Bank v. Everett in affirming the assertion of in personam jurisdiction in a promissory note case with substantial parallels to this one. Although such unpublished orders are noncitable under Seventh Circuit rules, it would surely seem that a nonprecedential opinion from a three-judge panel of our Court of Appeals provides a more reliable insight into the law than a nonprecedential opinion from a single District Judge.

the other case (<u>FCNBD Mortgage Invests., Inc. v. CRL, Inc.</u>, No. 00 C 405, 2000 WL 1100332 (N.D. Ill. Aug. 4)) bears no parallel whatever to the present one.

In summary, CDx's challenge to personal jurisdiction under Fed. R. Civ. P. 12(b)(2) is rejected. As for CDx's claim of improper venue, that falls of its own weight because 28 U.S.C. §1391(a)(1) allows this diversity action to be brought in "a judicial district where any defendant resides," while 28 U.S.C. §1391(c) specifies that any corporate defendant "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."

Accordingly, as stated at the outset, this action will remain here. CDx is ordered to file its Answer to the Amended Complaint on or before February 3, 2006.

                                      */s/ Milton I. Shadur*
                                      Milton I. Shadur
                                      Senior United States District Judge

Date: January 25, 2006