IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CRAIG J. DUCHOSSOIS REVOCABLE       )
TRUST UAD 9/11/1989,                )
                                    )
            Plaintiff,              )
                                    )
       v.                           )   No. 05 C 6603
                                    )
CDX LABORATORIES, INC.,             )
                                    )
            Defendant.              )

MEMORANDUM ORDER[1]

Unpersuaded by the opinion's rejection of CDx's

Rule 12(b)(2) challenge to personal jurisdiction over this claim

against it, CDx has supplemented its earlier submission by

calling to this Court's attention the opinion by its colleague

the Honorable Elaine Bucklo in Sungard Data Sys., Inc. v. Cent.

Parking Corp., 214 F.Supp 2d 879 (N.D. Ill. 2002). Because CDx

"just doesn't get it," this brief memorandum order will try again

to point out a critical factor that explains both why the Sungard

decision is sound but does not at all call for the result urged

by CDx in this case.

Whenever a breach of contract claim is advanced and the

question of in personam jurisdiction vel non against an out-of-

state defendant is raised, the court's focus must be on the

nature of the breach and of its relationship to the forum. What

-----

[1]This memorandum order will employ (without having to
redefine) the same defined terms as this Court's January 25, 2006
memorandum opinion and order ("Opinion").

Judge Bucklo did quite properly in Sungard was to look at the

fact that the original execution of the contract by the out-of-

state defendant there may have had substantial Illinois contacts,

but that the claimed breach being sued upon involved defendant's

actions and inactions that were entirely outside of the Illinois

forum.  That being so, the fact that defendant's currently

asserted nonperformance (nonpayment under the contract) caused

economic harm to plaintiff in Illinois did not suffice to support

haling defendant into court in this jurisdiction.

Just so, in the present instance the circumstances of the

parties' original entry into the transaction--the negotiation and

execution of the Convertible Promissory Note--have no relevance

to the breach that is now sued upon.  As the Opinion has made

clear, at this point everything else has fallen away, and the

Note's nonpayment stands alone:  It and only it remains, and to

the Duchossois Trust as the unpaid payee the nonpayment is solely

Illinois-related.  Thus the reasoning and result in Sungard,

rather than supporting CDx, actually buttresses the Duchossois

Trust's effort to bring CDx into this forum to defend itself.

That then serves to reinforce both the view and the ruling

set out in the Opinion.  But it may be worth noting

parenthetically that CDx's counsel are not alone in their failure

to grasp the vital distinction identified here.  By coincidence,

another newly-filed case assigned to this Court's calendar last

week involves a reinsurance dispute between two companies, neither of which now has any Illinois contacts. What the plaintiff corporation's lawyers have relied on to bring the action in this judicial district is the fact that the reinsurance agreement (entered into 30 years ago!) had been negotiated through an Illinois-based insurance broker (that was so because defendant's predecessor, as of the time the reinsurance agreement was entered into, was an Illinois company). Because the claimed breaches now sued upon in that case appear to have no Illinois nexus at all, this Court promptly issued a sua sponte memorandum order directing plaintiff's counsel to explain why the lawsuit belongs here, rather than in any one of three other jurisdictions that could properly qualify for venue purposes.

In short, this case is not at all a candidate for Emerson's aphorism that "foolish consistency is the hobgoblin of little minds." To the contrary, a consistent focus on the breach being sued upon will regularly provide the correct result where personal jurisdiction is in issue. And in this instance that focus supports keeping CDx in this lawsuit here in Illinois.

Milton I. Shadur
Senior United States District Judge

Date: January 31, 2006

3